BANCO DE PUERTO RICO *v.* THE DISTRICT COURT.

APPLICATION for a Writ of *Mandamus.*

No. 5.—Decided December 13, 1906.

MANDAMUS—FORECLOSURE OF MORTGAGE—ORDER REQUIRING DEBTOR TO PAY—POWERS OF JUDGES AT CHAMBERS.—A judge cannot render at chambers an order requiring the debtor to pay by virtue of a petition establishing the summary proceeding provided for by the Mortgage Law for the foreclosure of a mortgage, and therefore the writ of *mandamus* will not issue to compel him to act at chambers in a proceeding of this character.

The application was presented to Mr. Justice Figueras, at chambers.

STATEMENT OF THE CASE.

The petitioner states the facts in his application in the following manner:

"That on the 25th of August last he filed before the Judge of the

District Court of Arecibo a petition in a mortgage proceeding against Benito Ruiz for the recovery of $800, interest and costs, which petition concludes in the following manner: 'He prays the court to make an order requiring Benito Ruiz y Quevedo, a resident of Utuado, or his representative, within the period of thirty days, to pay the Banco de Puerto Rico the $800 which he owes it, with interest at 12 per cent from January 28, 1904, to the date of payment, and $250, calculated as costs, with the warning that the mortgaged property will be sold at public auction in case of his failure so to do, and that the secretary issue the proper writ for compliance therewith.'

''That the Arecibo court being in vacation it was necessary to present the petition, referred to in the foregoing allegation, to the judge at chambers, whereupon the following decision was rendered, to wit: 'The petitioner prays the judge at chambers to make an order authorizing the proceedings referred to in articles 128 of the Mortgage Law and 169 and 170 of its Regulations. This motion was made verbally by counsel and not in the written petition to the court. The petitioner thinks that section 22 of the Code of Civil Procedure is applicable to the case. After having considered the case from the two points of view mentioned in subdivisions *a* and *c* of said section 22, the undersigned judge is not of the same opinion. In regard to subdivision *a*: The foreclosure of a mortgage is not an *ex parte* proceeding. In such a proceeding there is a party plaintiff and a party defendant although the defense is subject to certain limitations. An order granting or denying execution is of great importance, not only because of what it means to the defendant to grant the same, but because an order denying it is appealable both for review and stay of proceedings and must appear upon the minutes of the court, and the order to effect payment by the public sale of the properties of the debtor is a judgment against him which must be entered and complied with in accordance with the provisions of the Act of March 9, 1905. All these matters are within the province of the court and not of the judge at chambers.

'' 'In regard to subdivision *c*: When it says that ''any resolution affecting the procedure must be granted,'' the Legislature could not have referred to the order of a judge that execution should issue, for such an order is a final decision; and in admitting that the first paragraph of subdivision *c* is applicable to the case, it also ought to be admitted that paragraph 2 of that same subdivision is applicable also, and that article 170 of the Mortgage Regulations had been modified by the opposition by the defendant provided for in said paragraph. This was not the intention of the Legislature, which in using in section 22 above cited the word ''affecting,'' signified its desire that the same

should be understood to mean orders in reference to the correction of the form of procedure. Section 27 of the Code of Civil Procedure provides that a judge may exercise out of court all the powers expressly conferred upon a judge. Therefore, if there could be any doubt in regard to these points, the judge in this case would be so inclined that way in considering, that this provision being restrictive, all the sections of the law relating thereto should be strictly construed.'

"For the reasons stated, the judge at chambers refuses to grant the order prayed for. That from this decision no other remedy can be resorted to other than the one here made use of, because there is no other adequate and effectual remedy in the ordinary course of the law, and it is prayed that a writ of *mandamus* issue compelling the judge to proceed to decide the matter as may be proper."

*Mr. Sarmiento* for petitioner.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

The order of the judge is set out in the application, and from this it is presumed that it was the intention to avoid dilatory proceedings in order that the *mandamus* applied for may be immediately decided.

The foreclosure of a mortgage is clearly the question here involved. Compliance with a contract to which there are two perfectly defined parties, the creditor and the debtor, is also involved. The debtor having the right to exercise the actions provided for by article 175 of the Regulations for the Execution of the Mortgage Law, and since in this proceeding it is seen that the judge at chambers cannot make such an order, it is evident that he cannot do so in the initial decision upon that right of the debtor, which is the demand for payment of the amount owed.

For these reasons, and for the similar ones given by the Judge of the District Court of Arecibo acting at chambers, the writ of *mandamus* will not issue.

*Denied.*